878 F.2d 1430
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Garnell Steven HILL, Petitioner-Appellant,
v.
Wayne B. WINEBRENNER, Warden, Respondent-Appellee.
 No. 88-6884.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 28, 1989.
Decided July 5, 1989.
 
 Garnell Steven Hill, appellant pro se.
 John Joseph Curran, Jr., Attorney General, Valerie Johnston Smith, Office of the Attorney General of Maryland, for appellee.
 Before WIDENER, PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Garnell Hill seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. For the reasons stated below, we deny a certificate of probable cause to appeal and dismiss the appeal.
 
 
 2
 Hill pled guilty to two counts of daytime housebreaking and one count of storehouse breaking and stealing. He was then awaiting sentencing on two similar convictions and it appears that he had two prior convictions for robbery and one for assault. As part of the plea agreement negotiated by Hill's attorney, the state agreed not to proceed under the repeat offender statute and also agreed to recommend that he receive no more than a total sentence of 30 years on all of his current convictions.
 
 
 3
 In his petition, Hill contends that his guilty plea was involuntary because (1) the trial court failed to determine whether he understood the plea agreement, (2) he believed that the state would use the repeat offender statute if he did not plead, and (3) his attorney was ineffective because he did not inform Hill that the repeat offender statute could not be applied to him.
 
 
 4
 The statements made by Hill in response to the court's inquiry are conclusive evidence of the validity of his plea unless he can show a compelling reason why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167 (4th Cir.1981).
 
 
 5
 Under Hill v. Lockkart, 474 U.S. 52, 58 (1985), the test for determining attorney effectiveness in the context of a guilty plea is the two-part test set out in Strickland v. Washington, 466 U.S. 668, 698 (1984). First, the defendant must show that the attorney's representation fell below an objective standard of reasonableness. 466 U.S. at 689-90. Second, the defendant must show a reasonable probability that, but for his attorney's unprofessional errors, he would not have pled guilty. 466 U.S. at 694.
 
 
 6
 As the state seems to have had good reason to believe that the repeat offender statute, Md.Code Ann. Art. 27, Sec. 643B, would apply, and as the plea agreement substantially reduced Hill's exposure to sentence, we find that Hill's attorney's performance was within the range of competence demanded in criminal cases and Hill's claims here have no merit.
 
 
 7
 Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 DISMISSED.